UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 03-20435-CIV-SEITZ/BANDSTRA

SHIRLEY WARNER,

                    Plaintiff,

v.

HIALEAH HOUSING AUTHORITY,

                    Defendant.
_____/

FILED by _____ D.C.

MAY 2 0 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on the Defendant's Motion to Dismiss **[D.E. 7]**. Upon review of the Motion, the Response, and Reply, the Defendant's Motion is DENIED.

Plaintiff Shirley Warner ("Warner") sues Defendant Hialeah Housing Authority ("Hialeah") under 42 U.S.C. § 1983 for violating her due process rights. Warner claims that Hialeah's October 17, 2001 letter that notified her about the termination of her federal housing benefits due to her past criminal record did not include a copy of her criminal record. See 24 CFR § 982.553(d)(2) (West 2003) ("[i]f a [Public Housing Authority] proposes to terminate assistance for criminal activity as shown by a criminal record, [it] . . . must provide the subject of the record and the tenant with a copy of the criminal record."). She further alleges that she must pay full market rent for private housing due to her wrongful termination of federal housing benefits. See Compl. ¶ 62.

To survive a Rule 12(b)(6) motion to dismiss, a complaint need only provide a short and plain statement of the claim and the grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). A Rule 12(b)(6) motion tests not whether the plaintiff will prevail on the merits, but instead, whether the plaintiff has properly stated a claim for which relief can be granted. See Fed. R. Civ. P. 12(b)(6); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Thus, a court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

First, Hialeah argues that it sent Warner her termination notice on October 17, 2001 and that the regulation

Case No. 03-20435-CIV-SEITZ

which requires that a copy of the criminal record be included was not in effect until October 24, 2001. However, the regulation became effective on June 25, 2001.[1] See 66 FR §28805 (West 2003). Therefore, Defendant's motion to dismiss paragraphs 66 and 69 is denied because 24 C.F.R. § 982.553(d)(2) was in effect at the time Hialeah sent the termination notice.

Second, Defendant claims that Warner's request for declaratory relief should be dismissed because Warner does not allege a justiciable controversy between the parties. See Def's Mot. at 2. **[D.E. 7]**. To maintain an action for declaratory relief, the plaintiff must allege facts that establish an actual controversy between adverse parties and that show a continuing or future injury. See Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1347 (11th Cir. 1999); Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985). Here, Plaintiff seeks a declaratory judgment finding that Defendant's October 17, 2001 notice letter about the termination of her federal housing benefits violated her due process rights under the Fourteenth Amendment to the U.S. Constitution, and statutory, regulatory, and administrative rights. Plaintiff also alleges continuing injury from the termination of her benefits. For example, Plaintiff is allegedly injured because she continues to pay full private rent without any government aid due to her wrongful termination. Therefore, it is hereby

ORDERED that Defendant's Motion to Dismiss is DENIED.

ORDERED in Miami, Florida on this 20 day of May, 2003.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Andrew Rosenblatt, Esq., Fax: 305-577-4353
Jeffrey Martin Hearne, Esq., Fax: 305-573-5800

---

[1] Defendant appears to abandon this argument because it does not address this issue in its Reply.