UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 03-20435-CIV-SEITZ/BANDSTRA

SHIRLEY WARNER,

    Plaintiff,

v.

HIALEAH HOUSING AUTHORITY,

    Defendant.

_____/



FILED by _____ D.C.

MAR 1 2 2004

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on the Cross Motions of Plaintiff [D.E. 38] and Defendant [D.E. 47] for Summary Judgment. Upon review of the motions, the responses, the replies, and the record in this case, the Court finds no material issue for trial as to Plaintiff's 42 U.S.C. § 1983 ("§ 1983") claim and the Defendant is entitled to judgment as a matter of law. Therefore, Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion for Summary Judgment is granted.

Plaintiff Shirley Warner sued Defendant Hialeah Housing Authority under § 1983 claiming its termination of her Section Eight Housing Assistance Voucher violated the Due Process Clause of the Fourteenth Amendment, federal regulations, and the Housing Authority's own Administrative Plan. After review of the factual record and the parties' arguments, Plaintiff's § 1983 claim is without merit, and Defendant is entitled to summary judgment in its favor as a matter of law for two reasons. First, Defendant offered Plaintiff an informal hearing which cured any alleged procedural deprivation, but Plaintiff refused the informal hearing. Second, Plaintiff has not alleged, far less shown, that Defendant has a policy, practice, or custom of denying Section Eight recipients their constitutional rights or that a final policy maker violated her constitutional rights.

**Factual Background**

A. **Section Eight Housing Program**

In 1992, Congress established the Section Eight Tenant-Based Assistance Housing Choice Voucher Program ("Section Eight"), codified at 42 U.S.C. § 1437(o), to provide government financial assistance for low-income families seeking housing. Under this program, the United States Department of Housing and Urban Development ("HUD") provides funds to a public housing agency ("PHA") to operate low-income housing programs. An eligible family obtains a certificate of eligibility from the PHA, locates an existing private market rental unit within size and rental limits, and submits a request for lease approval to the PHA. If the PHA approves the lease, the family executes the lease with the private owner, and the PHA and private owner execute a Housing Assistance Payments ("HAP") contract. Under this arrangement, the family pays a percentage (or none) of their adjusted monthly income to the private unit owner as the tenant's rent payment. The PHA, pursuant to the HAP contract, pays the difference between the tenant's payment and the fair market rent.

B. **Plaintiff Shirley Warner's Termination Notice/Criminal Record**

The Hialeah Housing Authority ("HHA") is a public body organized under Florida Statute Chapter 421 and operates the Section Eight Program for the City of Hialeah. Plaintiff Shirley Warner ("Warner") participated in the Section Eight Voucher Program from 1994 until HHA terminated her from the program in 2001. Warner Aff. at ¶ 2. In early September, 2001, Warner was first informed of her termination from the following sources: (1) her landlord informed Plaintiff that HHA intended to terminate her Section Eight Housing Benefits; (2) Plaintiff contacted HHA on September 4, 2001 and an HHA worker informed her over the phone that her housing benefits were being terminated because of her August, 2001 arrest; and (3) Warner went to HHA to get an explanation; she was told that she was being terminated and that the reasons would be explained formally in a letter. Compl. at ¶ 34; Warner Dep. [41:20-24; 43:12-21]. Also, during that September, Warner obtained a copy of her criminal record at a state courthouse, and she gave a copy of it to

HHA. Id. at [46:13-24]. HHA's middle-level manager Aurora Binelo also communicated Warner's termination from the program by a letter dated October 17, 2001 which stated that the termination was "effective September 30, 2001." Warner Dep. Ex. 2; Morales Aff. at ¶ 9. The letter stated:

> Please be advised we intend to terminate your tenancy as per HUD Rules and Regulations [24 CFR 982.552, 982.553]. The reasons for this action is due to the fact that: 1) You or a member of the family nucleus has a criminal record within the last five (5) years . . .
> [Y]ou have the right to request a hearing in accordance with the grievance procedures established for the Section 8 Existing Housing Program. If you desire a hearing you must request the hearing in writing within ten (10) calendar days from the date of this letter or your rights to a hearing will be waived.
> Warner Dep. Ex. 2.

The letter envelope was postmarked November 1, 2001. Warner Dep. [53:1-4]. Warner received only one written notice from HHA and did not receive a copy of her criminal record along with the notice of termination. Warner Dep. [54:6]; Warner Aff. at ¶ 12. However, Plaintiff understood that the letter referred to her August, 2001 arrest.[1] Warner Dep. [55:20-24]. After Warner received the letter, she never requested an informal hearing from HHA and admitted that she had never heard of a Section Eight tenant whose request for an informal hearing was denied. Morales Aff. at ¶ 10; Warner Dep. [36:20-37:4]. It is undisputed that had Warner informed the HHA about receiving an untimely notice of termination, HHA would have provided Warner with the informal hearing. Morales Aff. at ¶ 10. Immediately after Warner filed this lawsuit, Defendant offered to conduct an informal hearing but she refused it. Morales Aff. at ¶ 11. On March 14, 2003, two weeks after being served with process, the Housing Authority wrote to Plaintiff's counsel stating that it was willing to provide her an informal hearing. On March 17, 2003, Warner's counsel rejected the offer.[2]

---

[1] Federal regulations provide that a housing authority can terminate Section Eight benefits where any member of the household has engaged in criminal activity "regardless of whether the household member has been arrested or convicted of such activity." See 24 C.F.R. § 982.553(c).

[2] Plaintiff's Motion to Strike Non-Conforming Portions of Affidavit of Andrew B. Rosenblatt, Esq. regarding the March 14, 2003 and March 17, 2003 correspondence is denied. [D.E. 56]. First, Defendant responds, and Plaintiff does not reply, that Fed. R. Evid. 408 only precludes offers of compromise when the evidence is offered to "prove liability for or invalidity of the claim or its amount." Rather than being offered to show the liability of Defendant or the invalidity of Plaintiff's claims, the March 14, 2001 and March 17, 2001 letters are offered to show that the Housing Authority attempted to cure the alleged deprivation of Plaintiff's due process rights by offering Plaintiff an informal hearing.

### C. Undisputed Housing Authority Practice and Regulations

It is undisputed that it is the Housing Authority's practice to send a written notice of termination of Section Eight housing vouchers to participants prior to the date of termination so that the participant has an opportunity to appeal the termination at an informal hearing. Morales Dep. [15:1-22].[3] This procedure conforms with the Code of Federal Regulations that HUD promulgated which govern the Section Eight Program. Id. at [8:21-25;9:1-7]. The HHA's Board of Housing Commissioners--the final policymaker for the Defendant--adopted administrative policies that parallel the federal regulations. Morales Aff. at ¶ 6.

The parties' positions on the cross motions for summary judgment can be summarized as follows. Plaintiff argues that Defendant violated Plaintiff's Fourteenth Amendment due process rights, violated federal regulations, and Defendant's own administrative plan because Defendant failed to: (1) provide her with a pre-deprivation informal hearing; (2) specify the reasons for termination; and (3) enclose a copy of Plaintiff's criminal record with the Notice of Termination. On the other hand, Defendant maintains it is entitled to summary judgment because: (1) Plaintiff never requested an informal hearing and rejected HHA's offer to provide such a hearing to cure the alleged procedural deprivation; (2) Plaintiff failed to file a state court action; and (3) Plaintiff has not alleged any custom, practice, or policy denying Section Eight Recipients any constitutionally protected rights or that a final policy maker deprived Plaintiff of such rights to proceed under § 1983. The Court turns to these arguments.

### Discussion

### I. Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty

---

[3] These policies are set forth in the Hialeah Housing Authority's Administrative Plan Manual for Section 8 which states at page 15-10: "[i]n any case where the HHA decides to terminate assistance to the family, the HHA must give the family written notice which states . . . The family's right, if they disagree, to request an Informal Hearing to be held before the termination of assistance." Morales Aff. at ¶5.

Lobby, Inc., 477 U.S. 242, 247 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Anderson, 477 U.S. at 251-52).

## II. Opportunity for Informal Hearing

Warner's first argument is that the Housing Authority did not provide her with notice and an informal hearing before termination which deprived her of her due process rights under the Fourteenth Amendment of the United States Constitution, federal regulations,[4] and the Housing Authority's administrative code.[5] See Goldberg v. Kelly, 397 U.S. 254, 263-64 (1970). There is no factual dispute that HHA's October 17, 2001 letter stated that Warner's housing benefits had been terminated effective "September 30, 2001." The legal dispute focuses on whether, assuming for the purposes of this motion that the HHA did in fact terminate Plaintiff's Section Eight subsidy prior to sending written notice of the termination,[6] can HHA cure such an alleged procedural violation by offering an adequate post-deprivation remedy. As a matter of law, the HHA may because the alleged violation concerns a procedural rather than a substantive due process right. See

---

[4] See 24 CFR § 982.555. The Public Housing Authority must give the Section Eight participant the opportunity for an informal hearing and written Notice of Termination which informs the Section Eight participant of the right to an informal hearing. 24 CFR § 982.555(a)(2), (c)(2).

[5] See Admin. Plan at p. 18-7 and 18-8 (stating that notice must state "the date the proposed action or decision will take place" and HHA must "provide opportunity for an informal hearing before termination of assistance").

[6] Defendant claims that the "September 30, 2001" date was a clerical error and should have read "October 30, 2001."

McKinney v. Pate, 20 F.3d 1550, 1557-61 (11th Cir. 1994).

The McKinney court distinguished lucidly the difference between substantive due process rights derived from the constitution and procedural due process–the "due process" implicated here[7]:

> Substantive due process rights differ from their procedural counterparts in a second, important fashion: the manner in which a violation of the right occurs. A violation of a substantive due process right, for instance, is complete when it occurs; hence the availability *vel non* of an adequate post-deprivation state remedy is irrelevant. Because the right is "fundamental," no amount of process can justify its infringement.
> By contrast, a procedural due process violation is not complete "unless and until the State fails to provide due process," . . . In other words, the state may cure a procedural deprivation by providing a later procedural remedy; *only when the state refuses to provide a process sufficient to remedy the procedural deprivation* does a constitutional violation actionable under § 1983 arise.
> Id. at 1156-57 (emphasis added).

Here, it is undisputed that HHA has been ready, able, and willing to provide an adequate post-deprivation remedy to Plaintiff.[8] However, prior to filing suit, Warner never notified HHA that she had been given an untimely notice of termination. Had she informed the HHA, it would have provided the informal hearing. Plaintiff concedes that HHA informed her orally of her pending termination on September 4, 2001 based on her August, 2001 arrest for battery. Moreover, she testified that she had never heard of any tenant who had requested an informal hearing being denied one. Finally, immediately after Plaintiff filed this lawsuit, HHA offered to cure the alleged procedural violation by providing her with an adequate post-deprivation hearing but she refused the curative hearing.

Instead, it appears that Plaintiff will accept only full "reinstatement" of her Section Eight housing benefits, and that she seeks an "injunction [to] prohibit the Housing Authority from terminating her Section 8 Voucher for *any* action(s) or inaction(s) on [her] part, or any member of her household, which occurred prior to the date of reinstatement." Pl.'s Mot. for Sum. Jud. at 13 (emphasis added) [D.E. 38]. Thus, Plaintiff seeks

---

[7] An allegation that an administrative hearing was denied to a person challenging the loss of a property interest is a denial of procedural, not a substantive due process right. McKinney, 20 F.3d at 1560-61.

[8] There is no challenge to the adequacy of HHA's informal hearing procedure in which an HHA employee who was not involved in the decision to terminate hears from the tenant.

blanket immunity for any criminal activity she may have participated in before the date this Court would reinstate her Section Eight Voucher. Plaintiff misjudges the correct remedy for this alleged procedural violation, namely an informal hearing. Plaintiff is entitled to the process due her, nothing less and nothing more.[9]

### III. Notice of Specific Reasons for Termination: Criminal Record

Warner next contends that the Notice of Termination Letter did not specify why the Housing Authority was terminating her Section Eight voucher which violated her constitutional due process rights, federal regulations,[10] and failed to comply with Housing Authority procedure. Plaintiff also contends that the Housing Authority violated federal regulations and its own procedure[11] when it failed to include a copy of her criminal record with the Notice of Termination and did not give her an opportunity to dispute the accuracy of the criminal record at a grievance hearing. 24 C.F.R. § 982.553(d)(2) (requiring that public housing authority give copy of criminal record to tenant whose Section Eight housing may be terminated). These provisions help ensure that the tenant has notice of the specific conduct in question forming the basis for termination.

The record evidence, however, shows that Plaintiff was on notice of the precise conduct that was the basis for her termination. First, the letter stated that: "[t]he reasons for this [termination] is due to the fact that: 1) You or a member of the family nucleus has a criminal record within the last five (5) years . . . ." Plaintiff testified that the she understood the October 17, 2001 letter referred to her August, 2001 arrest for battery and that she knew of the reason for termination as early as September 4, 2001 when she contacted HHA. Second, Plaintiff conceded that she had a copy of her criminal record which she personally obtained at a state

---

[9] Having determined that Plaintiff failed to exhaust her initial administrative remedy the Court will not comment on whether Plaintiff also failed to exhaust her state remedies by filing an action in state court.

[10] See 24 CFR § 982.555(c)(2)(i)(stating that Notice must "contain a brief statement of reasons for the decision").

[11] See Admin. Plan at 18-7 (stating that when terminating housing assistance from criminal activity based on a criminal record, HHA must provide tenant and the subject of the criminal record with copies of the record which formed the basis for termination).

courthouse and which she provided to HHA. Because it is undisputed that Plaintiff had the criminal record, it cannot be argued that she was not on notice of the basis for termination. Finally, Warner argues that HHA denied her the opportunity to refute and challenge the accuracy of the criminal record and the criminal activity that formed the basis for her Section Eight voucher termination. However, as explained above, Warner not only never requested but also refused to participate in any informal hearing where she could have explained her actions. See supra Sec. II. Therefore, Plaintiff was sufficiently notified of the conduct forming the basis for her termination and this alleged failure to comply with HHA regulations and procedure is without merit.

### III. Custom and Policy/ Final Policy Maker

#### A. Custom or Policy

To succeed on a § 1983 claim, a plaintiff must show that she has been deprived of constitutional rights by either an express policy or a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom and usage with the force of law." Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 966 (11th Cir. 2002). Additionally, a plaintiff must show that the widespread and settled policy, practice or custom was the "moving force behind the constitutional deprivation." Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985).

Here, it is undisputed that there is no such custom, policy, or practice which deprives Section Eight beneficiaries of their constitutional rights. In fact, the Plaintiff's complaint clearly states that the Defendant in fact has an express policy which guarantees tenants the very procedural due process rights that she alleged she did not receive. The facts are not in dispute: Defendant has an express policy of notifying Section Eight recipients of their right to an informal hearing before it terminates benefits. Moreover, Plaintiff does not allege that there exists a widespread and unexpressed policy, custom, or practice of denying HHA Section Eight tenants their procedural rights. In fact, Warner testified that she had never heard of any HHA tenant being denied an informal hearing when requested.

### B. Final Policy Maker

In the alternative, when there is no widespread policy, practice or custom of depriving constitutionally-protected rights, a plaintiff can establish a § 1983 claim when she can show that a final policy maker denied her constitutional rights. See Morro v. City of Birmingham, 117 F.3d 508, 514 (11th Cir. 1997); Fusaro v. Hialeah Housing Authority, 33 F. Supp. 2d 1354, 1361 (S.D. Fla. 1999) (finding policy maker for HHA to be the "Board [of Housing Commissioners], not [executive director] or any other supervisor"). Overlooking for the moment the absence of a constitutional deprivation, it is undisputed that Aurora Binelo, the HHA employee who wrote the October 17, 2001 termination letter was a mid-level employee and not a HHA final policy maker. Thus, Plaintiff cannot show the existence of either a custom, policy, or practice that deprived Section Eight participants of their constitutionally-protected rights or that a final policy maker denied Warner's constitutional rights. Therefore, it is hereby

ORDERED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that all pending motions are DENIED as MOOT. This CASE is CLOSED.

ORDERED in Miami, Florida this 11th day of March, 2004.

PATRICIA A. SEITZ
UNITED STATES DISTRICT COURT

cc:
Magistrate Judge Bandstra
Andrew Rosenblatt, Esq.,
Jeffrey Martin Hearne, Esq.,